Metcalf, J.
The sole ground on which the plaintiff attempts to support this action is, that Cochran was the creditor on whom the citation should have been served, before the poor debtors’ oath could be lawfully administered to Bird, the judgment debtor; and therefore that Bird was not law fully discharged, and consequently has broken the condition of his bond, by not surrendering himself to the jailer, within ninety days from the day of his commitment.
The question, whether this ground can be maintained, turns upon the construction of the statutes concerning poor debtors. The Bev. Sts. c. 98, $ 2, 3, and St. 1844, c. 154, § 10, require that, before any person, who is committed on execution, shall be discharged, on talcing the poor debtors’ oath, notice of his intention to take that oath shall be given to “ the creditor,” by a citation, issued by a justice of the peace, and served on “ the creditor,” if he be alive and within the state; otherwise, on the person who was his attorney in the suit; and if there is no such attorney within the state, then that a copy of the citation be left with the clerk of the court, or justice of the peace, by whom the execution was issued. The previous statutes on this subject contained a like provision. Sts. 3 Geo. 3, (Anc. Chart. 649); 1787, c. 29, § 1; 1819, c. 130. So the statutes, since the adoption of the state constitution, which have provided that a bond should be given for the liberty of the prison limits, have directed that it should be given to “the creditor.” Sts. 1784, c. 41, § 8 ; 1811, c. 85, 167; Bev. Sts. c. 97, § 63. In all these statutes respecting bonds and citations, we have no doubt that the creditor on whom the citation is required to be served is the creditor to whom the bond is required to be given. And we cannot doubt that the word *291 “ creditor ” has always meant the judgment creditor; that is, the party in whose name the suit is brought and the judgment recovered. In Sts. 1788, c. 16, § 4, and 1819, c. 130, and in Rev. Sts. c. 98, § 25, he is termed “judgment creditor ”; and in St. 1817, c. 186, § 1, he was termed “ execution creditor.”
The plaintiff, in this case, was the judgment creditor, although he brought the action and recovered the judgment for the benefit of Cochran, to whom he had assigned the note. Whenever one person sues and recovers judgment in his own name, for the benefit of another, he, being plaintiff on the record, is regarded, in every respect, as the legal judgment creditor, unless it is otherwise provided by statute. By the Rev. Sts. c. 70, § 10, the person, for whose use an execution is expressed to be awarded on a judgment recovered in a suit in the name of the judge of probate, upon a probate bond, “ shall be considered, in all respects, as the judgment creditor, and may cause it to be levied in his own name, and for his own benefit, as if the action had been brought, and the judgment recovered in his name.” Whether the judgment debtor in such an execution, if committed to prison, might cause notice of his intention to take the poor debtors’ oath to be served on him for whose use the execution is expressed to be awarded, instead of the judge of probate, need not be now considered. No such statute provision exists concerning executions on judgments recovered, by assignors of choses in action, for the use and benefit of the assignees. A suit at law on an assigned chose in action must be brought and prosecuted in the assignor’s name, and all the processes therein, original and final, must be in his name; because the legal interest in such chose in action is still in him, and the assignee has only an equitable interest in it.
As the plaintiff was the judgment creditor, the bond was rightly given to him, and the citation rightly served on him and this action cannot be maintained.
For some purposes, the assignee of a note not negotiable, or of a negotiable note not indorsed, may be regarded in law as the creditor of the promisor. See Colbourn v. Rossiter, *292 2 Conn. 503. But he is not the judgment creditor, within the statutes on which this case must be decided.

Plaintiff nonsuit.